UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN SHEPARD,

    Plaintiff,                                      Civil Action No. 13-CV-12898

vs.                                            HON. BERNARD A. FRIEDMAN

CITY OF WARREN,
COLIN MCCABE and
JEFFREY STIEBER,

    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on defendants' motion for summary judgment [docket entry 31]. Plaintiff has filed a response brief and defendants have filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a police misconduct action in which plaintiff alleges that on July 13, 2011, defendant City of Warren police officers, Colin McCabe and Jeffrey Stieber, used excessive force while arresting him by applying handcuffs too tightly, thereby inflicting lacerations and bruising on his wrists. He asserts claims against the officers under 42 U.S.C. § 1983 for violating his Fourth Amendment right not to be subjected to unreasonable seizures, and under state law for gross negligence and assault and battery. Plaintiff asserts a § 1983 claim against the City of Warren for failing to train and supervise/discipline the officers, thereby causing the Fourth Amendment violation. For relief plaintiff seeks damages, costs, interest and attorney fees.

Defendants first seek summary judgment on the § 1983 claim against the officers (Count I), arguing that plaintiff cannot establish an essential element of this claim, namely, that he

complained to the officers that the handcuffs were too tight.[1] *See Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d 394, 401 (6th Cir. 2009). Citing *Scott v. Harris*, 550 U.S. 372, 380 (2007), defendants point to the video-recording taken of plaintiff while he sat in the patrol car en route to the police station, which does not show plaintiff complaining about the handcuffs. However, plaintiff testified that he also complained to the officers before he was placed in the car and when he arrived at the station. *See* Pl.'s Dep. at 69. This testimony creates a question of fact as to whether plaintiff complained. Therefore, defendants are not entitled to summary judgment as to this claim on the grounds that the videotape conclusively shows plaintiff did not complain.

Defendants next seek summary judgment on the municipal liability claim (Count II). This claim is based on allegations that the City of Warren caused the Fourth Amendment violation by failing to train and supervise its officers in making arrests without using excessive force and by failing to discipline officers whom it "knew or should have known were conducting arrests . . . with unreasonable and unnecessary excessive force . . . ." Comp. ¶ 25. Defendants seek to defeat this claim by submitting an affidavit of the Warren police chief who avers that the city "provides its police officers with annual training on reasonable seizures, the use of force, and the proper use of handcuffs." Green Aff. ¶ 5. In his response brief, plaintiff says nothing about allegedly inadequate training, and the Court therefore concludes he has abandoned this theory of municipal liability.

---

[1] Defendants also suggest they are entitled to qualified immunity, but this argument fails because an arrestee's right not to be placed in too-tight handcuffs is clearly established, provided the arrestee shows that the officer ignored his complaints and that injury resulted. *See, e.g., O'Malley v. City of Flint*, 652 F.3d 662 (6th Cir. 2011). There may be circumstances when, despite this showing, the officer is entitled to qualified immunity "if it would not be clear to a reasonable officer that he was violating the plaintiff's rights" due to the particular circumstances of the arrest. *Morrison,* 583 F.3d at 401. Defendants do not argue there was anything unusual about the circumstances of the arrest at issue in the present case which would allow a reasonable officer to reach such a conclusion.

However, plaintiff argues, and he offers some supporting deposition testimony from the defendant officers, that the city does not adequately supervise or discipline its officers. Defendants' summary judgment motion offers no argument as to this theory of municipal liability. Defendants do so for the first time in their reply brief, when it is too late to raise new arguments. *See U.S. v. Sinclair*, 2014 WL 2647197, at *4 & n.1 (E.D. Mich. June 13, 2014); *Wilkins v. Comm'r of Soc. Sec.*, 2014 WL 2061156, at *15 n.3 (E.D. Mich. May 19, 2014). Under these circumstances, the Court shall grant summary judgment for the city as to plaintiff's failure-to-train theory but not as to his failure-to-supervise/discipline theory.

Defendants next seek summary judgment on plaintiff's claim for gross negligence (Count III). This aspect of defendants' motion is granted because "gross negligence" is not a claim but an evidentiary standard plaintiff must meet in order to overcome the individual defendants' immunity from tort liability under Mich. Comp. Laws § 691.1407(2). *See, e.g., Livermore ex rel Rohm v. Lubelan*, 476 F.3d 397, 408 (6th Cir. 2007); *VanVorous v. Burmeister*, 262 Mich. App. 467, 483 (2004).

Finally, defendants seek summary judgment on plaintiff's claim for assault and battery (Count IV) on the grounds that the officers, in handcuffing plaintiff, acted in good faith and without malice. This aspect of defendants' motion is denied because, as noted above, there is an issue of fact as to whether the officers ignored plaintiff's complaint(s) about the handcuffs being too tight. Accordingly,

IT IS ORDERED that defendants' motion for summary judgment is granted in part and denied in part as follows: as to Counts I and IV the motion is denied; as to Count II the motion is granted as to the failure-to-train theory but denied as to the failure-to-supervise/discipline theory; and as to Count III the motion is granted.

                                              _s/ Bernard A. Friedman____
                                              BERNARD A. FRIEDMAN
                                              SENIOR UNITED STATES DISTRICT JUDGE

Dated: August 22, 2014
      Detroit, Michigan